# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
YESHI FESAHA MENGISTU,         *
                               *    No. 18-368V
              Petitioner,      *
                               *    Special Master Christian J. Moran
                               *
v.                             *    Filed: October 26, 2023
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
              Respondent.      *
* * * * * * * * * * * * * * * * * * ** *
```

Douglas L. Burdette, Burdette Law, Sahuarita, AZ, for Petitioner;
James V. Lopez, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING
## ATTORNEYS' FEES AND COSTS[1]

     Pending before the Court is petitioner's motion for final attorneys' fees and costs. She is awarded $21,408.25.

*     *     *

     On August 18, 2022, the parties filed a joint stipulation concerning the petition for compensation filed by Yeshi Mengistu on March 8, 2018. Petitioner alleged that the influenza vaccine she received on September 30, 2016, which is

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer from a right shoulder injury related to vaccination administration ("SIRVA"). Petitioner further alleges that she suffered the residual effects of this injury for more than six months. On July 25, 2019, respondent indicated that he was willing to engage in settlement discussions, which took place over roughly the next three years, including the parties participating in court-sponsored alternative dispute resolution. On August 18, 2022, the parties agreed to a joint stipulation. That same day, the undersigned issued his decision awarding compensation.

On February 13, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $23,379.39 and attorneys' costs of $2,704.74 for a total request of $26,084.13. Fees App. at 2. Pursuant to General Order No. 9, petitioner filed a statement indicating that no personal incurred any costs related to the prosecution of this case. Fees App. at 42. On February 14, 2023, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\*      \*      \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 Petitioner requests the following rates for the work of her counsel: for Mr. Douglas Lee Burdette, the rate of $400.00 per hour for all work performed between 2018 – 2023; and for Ms. Kelly Burdette, the rate of $275.00 for all work performed between 2018 – 2023. These rates are consistent with what Mr. Burdette and Ms. Burdette have previously been awarded for their Vaccine Program work. See Gabel v. Sec'y of Health & Human Servs., 20-633V, 2023 WL 3167483 (Fed. Cl. Spec. Mstr. May 1, 2023). However, the quality of work fell short of what is expected for experienced attorneys, requesting these rates.  The attorneys did not comply with deadlines, missed status conferences, and generally extended the duration of the litigation.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds them confusing.  One of the invoices (Fee Exhibit 1) lists all items as "No Charge."  As part of the fee application, "the 'No Charge' [amounts] were converted to hourly rates applicable." Fee Mot. at 2 n.3.  The proposed hourly rate, however, was not listed and this information is necessary to evaluate the reasonableness of the charge for the activity because most activities in Fee Exhibit 1 were activities that a paralegal could perform, such as collecting medical records.  The lack of

information showing a differentiation between attorney activities and paralegal activities in Fee Exhibit 1 raises questions about the reasonableness of proposed charges because Fee Exhibit 3, which does show an hourly rate, includes some activities billed at an attorney's hourly rate for work a paralegal could have performed. See entry for Feb. 19, 2021.

To account to these problems in billing and the concerns about the quality of the attorneys' work, 20% is reduced from the proposed attorneys' fees. This adjustment is intended to accomplish "rough justice." Fox v. Vice, 563 U.S. 836, 838 (2011). Therefore, petitioner is awarded final attorneys' fees in the amount of $18,703.51.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner's requests a total of $1,297.38 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and postage costs. Petitioner has provided adequate documentation supporting the requested costs and all are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $2,704.74.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$21,408.25** (representing $18,703.51 in attorneys' fees and $2,704.74 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Douglas Lee Burdette.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master